Judge Buckner
delivered the opinion of the court.
Robert Barxett filed his bi'l in chancery against Joseph Barnett’s administrator, alleging, that in a settlement mndtj by them, of accounts bo-tween him and Joseph Barnett’s estate, there liad been A mistake of $166, 7 1-4 cents: and that under the influence of the mistake: he liad executed his note to him for $16, which he prays may be cancelled, and the mistake rectified.
The administrator answered, denying the mistake, but the circuit court entered a decree against him for $149, 57 1-2 cents; and that the nole for $16 should be cancelled. This writ of error is prosecuted to reverse it.
The defendant in error had a large account against the estate of Joseph Barnett, for services rendered, as a surveyor. He alleges, that a note for $168, which he had executed to one Gentry, had fallen into the hands of Joseph Barnett, by assignment; upon which, during the life of said Joseph, and by his di° *500 rections, he had paid to the Mortons $166, 7 14 cents, that the remainder had been settled by a set-off of so much of his fees for surveying; (hat on the settlement he had forgotten the payment to the Mortons, and that it was consequently overlooked.
From the deposition of one of the Mortons, it appears that Joseph Barnett, being indebted to them, had placed in their hands the note executed to Gentry, with directions to collect from Robert Barnett whatever might be due thereon, after deducting therefrom, Robert Barnett’s account against him; and that said Robert had paid to them $166, 7 1-4 cents, in part discharge of the note. It is evident, from the answer of the administrator, that the amount so paid was not taken into estimation, in the settlement be tween him and the defendant in error; but that it was made upon the supposition that the credit of $166, 71-4 cents, which was endorsed on the note executed to Gentry, had been given in discharge of so much of Robert Barnett’s demand against him, for the surveying fees. If therefore, the proof was sufficient to shew that his demand for those fees was correct, and that Joseph Barnett’s estate was bound for them, there would be no well founded objection to the decree; but the proof on that subject is entirely deficient. Several of the fee bills appear to be for services rendered for persons other, than the intestate of the administrator and some for him and others jointly; and it is impracticable to ascertain,satisfactorily, from the record, for what portion he was bound. They were all moreover, barred by the statute of limitations.
The circuit judge, in his decree, Says that the administrator having admitted the justice of Robert Barnett’s claim for those fees, cannot now be admitted to controvert It, nor to derive any benefit from the lapse of time, upon which he relied in his answer; if the court should be of opinion that there was any mistake. But that view of the case cannot be supported. He did not admit the justice of the demand; he made the settlement upon a supposition that his intestate had entered the credit on account of that demand, and had that impression been correct, it would not have been proper for him to have contested, *501 the justice of a demand, which his intestate had admitted and settled. But when it was ascertained that the settlement had, in relation to that matter, been made under erroneous impressions, entertained by both the defendant in error and himself, he certainly .was not bound to pay claims against his intestate’s estate, for which it was not legally bound. But although Robert Barnett was not entitled to a decree for the $149, 57 1-2 cents; it is clear that the note for the $16 ought to have been cancelled; because, if the payment to the Mortons had been considered, it would have appeared that he was not indebted to the éstate of Joseph Barnett.
Chancellor mil corroer mistakes in set-tlefwhti ami cancel notes executed in consequence of such mistakes.
Richardson and Calhoon, for appellant; Denny and McHenry, for appellee.
The decree, therefore, as to the $149, 57 1-2 cents must be reversed, and stand in other respects unaltei-ed. Each party must pay his own costs in this court.